Marshall E. Livingston, J.
This is, in effect, a motion by plaintiff to vacate a preclusion order and to compel defendant to accept plaintiff’s bill of particulars and to set aside the “ note of issue and statement of readiness prematurely filed”.
The case is a personal injury “ knockdown ” involving a then nine-year-old boy and an automobile owned and operated by the defendant. The guardian ad litem and mother of the infant plaintiff also joins in a cause of action for consequential damages.
A chronology of the events leading to the preclusion order is helpful:

1968

February 16 Accident occurred
June 11 Plaintiff served summons
June 25 Defendant served notice of retainer and demand for complaint
August 16 Defendant served notice of motion to dismiss for failure to serve complaint
August 27 Defendant obtained a 20-day conditional order of dismissal, which was served on plaintiff’s attorney on September 3
September 20 Plaintiff’s complaint, verified September 19, served on defendant
September 23 Defendant served answer and demand for bill of particulars
September 24 Defendant filed note of issue, a copy of which was served on plaintiff’s attorney by mail on September 23
December 23 Defendant served notice of motion to preclude for failure to serve bill of particulars

*1025
1969

January 7 Defendant served 20-day uncontested preclusion order, which had been granted January 6, on plaintiff’s attorney
January 31 Defendant filed a statement of readiness (showing physical examination of plaintiff completed)
February 14 Defendant received bill of particulars from plaintiff, verified February 11, accompanied by letter of even date
February 14 Defendant refused and returned bill of particulars (received 18 days late)
May 2 Defendant received plaintiff’s papers, sworn to April 29, for relief on this motion
Plaintiff was 18 days late in tendering his bill of particulars. His attorney, on this motion, filed an affidavit of a meritorious action, which is not of itself enough to relieve the default (Abramowitz v. Berger, 20 A D 2d 903; and cf. 6 Carmody-Wait 2d, New York Practice, p. 278).
Before the preclusion order is vacated, plaintiff should show facts establishing both a meritorious excuse for his default and a meritorious cause of action (Baumgarten v. Bratt, 11 A D 2d 803). The Abramowitz case (supra) also holds that facts should be set forth showing plaintiff’s default and “ inordinate ” delay are excusable.
Where the delay is ‘1 inordinate ’ ’, the appellate courts have rarely sustained discretion exercised by 'Special Term in vacating preclusion orders (see Harrington v. Kaufman, 5 A D 2d 195 [8 months]; Paris v. Poticha, 1 A D 2d 277 [9 months]; Futia v. Koren, 31 A D 2d 772 [3 years]; Goldstein v. Wickett, 3 A D 2d 135 [4th Dept.] [21 months]; Pensavalle v. Vivona, 25 A D 2d 447 [4 years]; Schulz v. Sun Oil Co., 4 A D 2d 44 [4th Dept.] [1 year]).
On the other hand, where the delay is not so inordinate, and absent showing of gross laches, inexcusable neglect or prejudice, or where infants are involved, the appellate courts have sustained Special Term in vacating preclusion orders (Haber v. Forbidussi, 8 A D 2d 820 [12 days]; O’Connell v. Korb, 3 A D 2d 978 [4th Dept.]; Gigliotti v. Morasco, 2 A D 2d 653 [4th Dept.]; Haley v. Zenzen, 14 A D 2d 649).
The affidavit of plaintiff’s attorney upon the motion, as well as his affidavit of merit, shows no facts to excuse the attempted service of the bill of particulars 18 days after irt was precluded *1026 by order. The attorney’s letter, dated February 11, 1969, which accompanied the bill of particulars, offered no excuse. The letter stated in part:
‘ ‘ I have enclosed herewith a bill of particulars in the above-entitled action. Your office previously secured a preclusion order in connection with a demand for a bill of particulars, but if you will examine the verified complaint closely, you will find a substantial part of the particulars demanded had already been supplied to you under oath.
‘ ‘ In addition, you were supplied with authorizations to examine ithe hospital record of the infant plaintiff, Gerald McMahon, prior to the time of your motion to preclude.”
The defendant’s demand for the bill of particulars included 12 demands. The bill submitted answers seven of the demands by reference to specific-numbered paragraphs of plaintiff’s verified complaint. Three of the particulars sought in the demand have no application to the accident. The other two particulars demanded have to do with the statutes which plaintiff claims defendant violated and the number of times the infant plaintiff saw the doctor, as well as the mother’s employment and rate of pay in connection with a part of her consequential damage.
Being fully aware of our Fourth Department’s rule expressed more than 10 years ago in Goldstein v. Wickett (3 A D 2d 135, supra), I direct that the defendant accept plaintiff’s bill of particulars for the following reasons:
1. Plaintiff is an infant under 14 years of age, which is a compelling reason for my exercise of discretion in his favor.
2. The proffered service of the bill of particulars was 18 days late in contrast to the periods of inordinate delay which mark most of the appellate reversals.
3. There has been no showing of gross laches by the plaintiff. The action was started about one year ago.
4. The defendant has been given authorization to examine the infant plaintiff’s hospital records.
5. Even though plaintiff has not set forth facts showing excusable neglect; nevertheless, it does not appear, nor does defendant contend, that she will be prejudiced if this action goes forward.
6. The verified complaint answers about 75% of the defendant’s demands for particulars, so that the infant plaintiff, as a practical matter, could prove his case in any event.
Plaintiff’s motion to vacate and set aside the note of issue and statement of readiness is denied.
At any time after the case was at issue, the plaintiff could have demanded an examination before trial of the defendant. He chose not to do so, except as his.attorney’s letter of February 11. *1027 1969 casually mentioned the matter. On January 31,1969, when no bill of particulars was forthcoming, the defendant filed a statement of readiness, as was her privilege. Plaintiff has waived his right to an examination before trial.
'Submit order permitting plaintiff to serve the bill of particulars forthwith and denying plaintiff’s motion to vacate the note of issue and statement of readiness.